UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE: RICK J. BERNBAUM ) Case No. 08-13046-WCH
) Chapter 13
Debtor )
)            MAR 17 09 AM 10:37 USB
)

**AMENDED REPLY TO CORRECT MATHEMETICAL ERROR IN ORIGINAL**

**TOWN OF SAUGUS'S AMENDED REPLY TO DEBTOR'S OBJECTION TO THE TOWN'S PROOF OF CLAIM FOR OUTSTANDING MUNICIPAL DEBTSFOR THE PROPERTY LOCATED AT 118 FAIRMOUNT AVENUE, SAUGUS, MASSACHUSETTS**

**TO THE HONORABLE WILLIAM C. HILLMAN
UNITED STATES BANKRUPTCY JUDGE:**

The Town of Saugus (Town), the creditor in the above-captioned Chapter 13 case, opposes the motion of the Debtors to disallow the tax claim of the Town as of the petition date. The Town contends that this motion by the Debtors has no substantiation in the facts of this case. Further that the calculations of the tax, water, sewer and trash fee arrearages and corresponding interest computations are accurate.
The grounds for this opposition are as follows:

**PAST HISTORY OF THE DEBTOR'S TAX ARREARAGES**

1. Rick J. Bernbaum and his co-debtor (Debtors) have failed to pay the Fiscal 2007 thru fiscal 2008 taxes in full.

2. On October 16, 2008, the Debtors filed for relief under chapter 13 of the Bankruptcy Code.

3. As of that date, the total real estate and water/sewer bill owed to the Town of Saugus totaled $17,063.25.

4. Upon non-payment of the FY 2007 at the close of the Fiscal year (June 30, 2007) a tax lien was recorded in the Essex south Registry of Deeds. Under MGL c.60, the statutory interest to be applied for property encumbered by a recorded tax lien is 16%.

5. Upon the close of FY 2008 (June 30, 2008) the subsequent year taxes for FY 2008 was added to the tax-lien account.

**TAXES DUE AS OF THE DATE OF THE PETITION (5/30/08)**

| Category | Period | Taxes | Interest |
|---|---|---|---|
| Real Estate Taxes | FY 2007 | $ 1,137.37 | 16% |
| | FY 2008 | $ 5,028.78 | 16% |
| | FY 2009 1st Qtr | $ 1,114.20 | 14% |
| | FY 2009 2nd Qtr | $ 1,114.20 | 14% |
| water/sewer bills* | Total as of 10/16/08 | $ 1,701.31 | |

Total municipal taxes and fees due **as of 10/16/08**      $10,095.86

*under statute, unpaid municipal charges, i.e.; water/sewer and trash refuse fees remaining unpaid are added to the subsequent tax bills and become part of the statutory lien. See MGL c.83 ss 16, 16A, 16B; MGL. c. 40 ss. 42A, 42B, 42C, 42D & 58.

6. On October 28, 2008, the Town of Saugus filed a proof of claim. That claim included calculations of statutory interest applied utilizing the interest rates as set by statute.

7. The Town of Saugus applied the statutory interest of 16% for the FY 2007 and 2008 tax balance and 14% for the first and second quarters of FY 2009. Calculation of the interest was applied to the above total as portrayed on the chart below.

| | |
|---|---|
| FY 2007 at 16% per diem for 5 years = | $1,105.34 |
| FY 2008 at 16% per diem for 5 years = | $4,276.53 |
| FY 2009 1st Qtr at 14% for 5 years  = | $ 812.85 |
| FY 2009 2nd Qtr at 14% for 5 years  =. | $ 772.67 |
| **Total Interest over the life of the plan** | **$6,967.39** |
| **Total interest & taxes** | **$17,063.25** |

8. On January 30, 2009, the Debtor filed an objection to the Town of Saugus's Proof of Claim. Said objection requested that the Court order the Town of Saugus to file an amended claim changing the application of any statutory interest over the life of the plan.

9. The Debtor alleges that the Town is barred from applying the interest set by statute by the Bankruptcy Code.

**THE DEBTOR'S OBJECTION HAS NO BASIS IN LAW OR FACTS OF THIS CASE**

10. As of the date of the filing of the petition in the current bankruptcy case, outstanding taxes sewer and water fees, interest and penalties due to the Town of Saugus for the property located at 118 Fairmount Avenue amounted to $17,063.25 as shown on the chart in paragraph 3 above.

11. That as of right, the Creditor, can calculate interest due for the debt over the life of the plan. The statutory interest rate for overdue real estate taxes secured by a recorded tax is 16% (MGL c.60 and that for overdue taxes is 14%. (MGL. C.59 s. 57).

12. The application of interest to the plan is governed by Bankruptcy Code in section 1322 (e) which provides that "the amount necessary to cure the default, shall be determined in accordance with ....applicable nonbankruptcy law.

13. In the current case, the Debtor proposes to treat the statutory interest, water and sewer fees contrary to MGL c. 59 and with section 1322 (e) as stated above.

14. The Debtor's proposal is contrary to M.G. L. and requires the Town to treat the Debtor's accrued statutory obligations contrary to State law. In essence, the Debtor is applying for an abatement of taxes by circumventing the administrative process that is supplied under state law.

15. Further, the Town does not have the discretionary ability to adjust accrued interest. That ability is reserved to the Commissioner of Revenue under MGL c. 59 s.59 only upon the application through the correct procedure as required by state law.

16. The Debtor is also demanding that the Town recalculate their claim by utilizing the "federal judgment rate."

17. I direct the Court's attention to MGL c. 83 s16B; MGL. c. 40 ss. 42C, 42D & 58. As those statutes clearly state, once those charges remain unpaid, they constitute a lien on the property to which they pertain. Further they are added to the tax bill and then accrue statutory interest.

18. Further that application of the "federal judgment rate" is clearly not applicable in the current Chapter 13 case

19. The Town contends that the Debtor's objections are without merit and should be denied.

WHEREFORE, the Town respectfully requests that this Court to enter an Order
(1) Denying the Debtor's Objection to the Proof of Claim filed by the Town of Saugus, and
(2) Instructing the Debtor to amend his plan to reflect the correct amount of the amount owed to the Town of Saugus at the date of filing as $10,095.86 and over the life of the plan as $17,063.25.

Town of Saugus, Massachusetts,
By its authorized attorneys,

Dated: March 13, 2009

*Elaine A. Byrne* (signature)

Elaine A. Byrne
Coppola & Coppola
40 South Street
Marblehead, MA 01945
(781) 639-0140
(BBO) 633150

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE: RICK J. BERNBAUM    )    Case No. 08-18725-wch
               )    Chapter 13
   Debtors    )
               )                   MAR 17'09 AM 0:37 USB
               )
               )

## CERTIFICATE OF SERVICE

I, Elaine A. Byrne, attorney for the Town of Saugus, hereby certify that I served copies of the Notice of the Amended Town of Saugus's Reply to the Debtor's Objection to the Town of Saugus's Claim for municipal arrearages for the property located at 118 Fairmount Avenue in Saugus, Massachusetts, on the following persons by first-class mail, postage prepaid, this day.

Lawrence A. Simeone, Jr, Esq.
385 Broadway
Revere, MA 02151

Carolyn Bankowski, Esq.
Chapter 13 Trustee's Office
P.O. Box 8250
Boston, MA 02222

Town of Saugus
Treasurer/Tax Collector's Office
298 Central Street
Saugus, MA 01906

Rick J. Bernbaum
118 Fairmount Avenue
Saugus, MA 01960

March 13, 2009

Town of Saugus, Massachusetts,
By its authorized attorneys,

Elaine A. Byrne
Coppola & Coppola
40 South Street
Marblehead, MA 01945
(BBO) 633150
781-639-0140

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE: RICK J. BERNBAUM ) Case No. 08-13046-WCH
) Chapter 13
Debtor )
)

**ORDER DENYING DEBTOR'S OBJECTION TO THE TOWN OF SAUGUS'S CLAIM FOR OUTSTANDING MUNICIPAL DEBTS FOR THE PROPERTY LOCATED AT 118 FAIRMOUNT AVENUE, SAUGUS, MASSACHUSETTS**

Having heard all the relative arguments it is determined and decreed that the Debtor's Objection to the Town of Saugus's Proof of Claim is disallowed.

Further that the Debtors amend their plan to reflect the allowance of the statutory interest rate to their outstanding municipal debts. Said total debt over the three year life of the plan is $17,063.25.

Date:_____                                    _____
                                                                                            Judge