UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____

IN RE:
RICK J. BERNBAUM,                                Chapter 13
          DEBTOR                       Case No. 08-17825-WCH

_____

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

The matters before the Court are the Debtor's Objection to Claim of Town of Saugus (the "Claim Objection") filed by Rick J. Bernbaum (the "Debtor"), the Town of Saugus's Amended Reply to Debtor's Objection to the Town's Proof of Claim for Outstanding Municipal Debts for the Property Located at 118 Fairmount Avenue, Saugus, Massachusetts (the "Reply") filed by the Town of Saugus (the "Town"), and the Debtor's Response to Town of Saugus Reply to Debtor's Objection to Claim (the "Response").  Through the Claim Objection, the Debtor seeks an order directing the Town to recalculate its proof of claim for pre-petition real estate taxes and water and sewer charges using the federal judgment rate, rather than the applicable statutory interest rates.  For the reasons set forth below, I will enter an order overruling the Claim Objection.

**II. BACKGROUND**

The Debtor filed a voluntary Chapter 13 petition on October 16, 2008.  On Schedule A - Real Property, the Debtor disclosed a fee simple interest in 118 Fairmount Street, Saugus, MA (the "Property").[1]  The Debtor listed the value of the property as $412,500, with a secured claim in the

---

[1] Docket No. 12.

1

amount of $395,000.[2] On October 31, 2008, the Town filed a proof of claim (the "Claim") in the amount of $17,063.25 for taxes due. As calculated, the Claim provided for statutory interest over the term of the Debtor's Chapter 13 plan in the amount of 16% on overdue real estate taxes secured by a recorded tax lien and 14% for overdue taxes.[3] A breakdown of the Claim is as follows:

| | | | |
|---|---|---|---|
| Tax Lien secured 9/12/07 for FY07 Taxes | $1,137.37 | | |
| FY08 Real Estate rolled into tax lien 6/24/08 | $5,028.78 | | |
| Interest due as of 10/16/13 | $5,381.87 | $11,548.02 | 16% per diem |
| | | | |
| Fiscal 2009 Real Estate - Q1 issued 7/1/08 | $1,114.20 | | |
| Fiscal 2009 Real Estate - Q2 issued 10/1/08 | $1,114.20 | | |
| Interest due as of 10/16/13 | $1,585.52 | $3,813.92 | 14% per diem |
| | | | |
| Water/Sewer Charges billed 11/7/07 | $464.64 | | |
| Interest due as of 10/16/13 | $381.56 | | |
| Late fees on 11/7/07 bill | $10.00 | | |
| Water/Sewer Charges billed 5/8/08 | $477.24 | | |
| Interest due as of 10/16/13 | $357.87 | | |
| Late fees on 5/8/08 bill | $10.00 | $1,701.31 | 14% per diem[4] |

On January 21, 2009, the Debtor filed the Claim Objection, asserting that the statutory interest rate is excessive and not allowed under bankruptcy law and that the Claim should be recalculated using the federal judgment rate.[5] Through the Debtor's Third Amended Chapter 13 Plan (the "Plan"), filed on January 23, 2009, he proposes to pay to the Town a priority claim in the

---

[2] *Id.*

[3] *See* Mass. Gen. Laws ch. 60, § 62; Mass. Gen. Laws ch. 59, § 57.

[4] Claim No. 1-1.

[5] *See* 28 U.S.C. § 1961. In the Response, the Debtor also objected to the figures as reflected in the Town's original reply to the Claim Objection which, due to a mathematical error, doubled the statutory interest rate. The Town subsequently conceded the mistake and filed the Reply with amended figures. I note, however, that the Debtor did not dispute that a tax lien was recorded or that the applicable non-bankruptcy law is Mass. Gen. Laws ch. 60, § 62 or Mass. Gen. Laws ch. 59, § 57.

2

amount of $9,978.83, consisting of $1,639.52 for water and sewer charges and $8,339.31 for taxes, over a term of sixty months.[6]

The Town subsequently filed the Reply, contending that the Debtor's objection had no basis in law or fact. On February 26, 2009, I conducted a hearing on the Claim Objection. At its conclusion, I took the matter under advisement.

### III. POSITIONS OF THE PARTIES

The Debtor

Noting that a non-consensual tax lien is not a "security interest," within the meaning of the anti-modification provisions of 11 U.S.C. § 1322(b)(2), the Debtor contends that he may modify the interest rate applicable to the Claim in the Plan. He cites *Wasserman v. City of Cambridge*[7] and *In re DeMaggio*[8] for the proposition that state property tax lienholders are not entitled, as a matter of law, to statutory interest rates as part of a tax claim's treatment under a Chapter 13 plan. Further relying on those cases, the Debtor argues that the federal judgment rate is the proper interest rate applied to the Claim. In the absence of such a modification, he asserts that the Claim will "have a direct impact on the feasibility of [the Plan]."[9]

The Town

The Town asserts that it is entitled to calculate interest due on the Claim at the statutory interest rates for the full term of the Plan. It argues that the Debtor's proposed treatment is contrary

---

[6] Docket No. 49.

[7] *Wasserman v. City of Cambridge*, 151 B.R. 4 (D. Mass. 1993).

[8] *In re DeMaggio*, 175 B.R. 144 (D.N.H. 1994).

[9] Docket No. 54, ¶ 11.

3

to both the statutory provisions of Massachusetts law that control the interest rate due on overdue taxes, as well as 11 U.S.C. § 1322(e), which provides that "the amount necessary to cure the default shall be determined in accordance with . . . applicable non-bankruptcy law."[10]  Further, the Town asserts that the federal judgment rate is clearly inapplicable and that the Debtor is, in effect, seeking an abatement and circumventing the administrative process provided under state law.

## IV. DISCUSSION

Generally, a creditor is entitled to pre-petition interest on its claim at the rate provided for under the applicable agreement or non-bankruptcy law.[11]  Here, Mass. Gen. Laws ch. 60, § 62 provides that the interest rate for overdue real estate taxes secured by a recorded tax lien is 16%, while Mass. Gen. Laws ch. 59, § 57 mandates an interest rate of 14% to be applied to overdue taxes. Accordingly, the Town is entitled to calculate its pre-petition arrears using the statutory rates.

An oversecured claim, one secured by property that exceeds the value of the claim, is entitled to receive post-petition interest until the last payment under a Chapter 13 plan.  Traditionally, courts acknowledge two separate post-petition periods giving rise to interest.[12]  The first runs from the petition date to either confirmation or the effective date of the plan pursuant to 11 U.S.C. § 506(b).[13]

---

[10] 11 U.S.C. § 1322(e)

[11] *In re Chang*, 274 B.R. 295, 302 (Bankr. D. Mass. 2002) (*citing United States v. Robinson (In re D.C. Sullivan & Co.)*, 929 F.2d 1, 2 (1st Cir. 1991)).

[12] *In re Chang*, 274 B.R. at 303.

[13] *Id.*  Section 506(b) provides in relevant part:

> To the extent that an allowed secured claim is secured by property the value of which . . . is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim . . . provided for under the . . . State statute under which such claim arose.

4

Under 11 U.S.C. § 506(b), the oversecured claim, including post-petition interest accrued under this section, becomes the claim that is due and owing at confirmation.[14] The second post-petition interest period, commencing on either confirmation or the effective date of the plan and ending with the last payment of the claim, arises under 11 U.S.C. § 1325(a)(5)(B)(ii).[15] Often referred to as "cram-down" interest, 11 U.S.C. § 1325(a)(5)(B)(ii) permits confirmation of a Chapter 13 plan over the objection of a creditor provided, *inter alia*, that the secured creditor receives interest on the claim at a rate that will ensure that the sum of payments received under the plan have a present value that is at least equal to what the creditor would receive if the claim were paid in full at confirmation.[16]

Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005[17] ("BAPCPA"), courts such as those in *Wasserman* and *In re DeMaggio* employed various equitable considerations to determine appropriate interest rates under both 11 U.S.C. §§ 506(b) and 1325(a)(5)(B)(ii) on a case by case basis. BAPCPA, however, drastically simplified the issue with respect to tax claims through the introduction of 11 U.S.C. § 511. It provides in relevant part:

> If any provision of this title requires the payment of interest on a tax claim . . . or the payment of interest to enable a creditor to receive the present value of the allowed amount of a tax claim, the rate of interest shall be the rate determined under

---

[14] *In re Chang*, 274 B.R. at 303.

[15] *Id.*

[16] 11 U.S.C. § 1325(a)(5)(B)(ii) ("Except as provided in subsection (b), the court shall confirm a plan if . . . with respect to each allowed secured claim provided for by the plan . . . the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim . . .")

[17] Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23, 11 U.S.C. § 101, *et seq.*

5

applicable nonbankruptcy law.[18]

"The plain meaning of § 511 is unambiguous: the bankruptcy court must refer to state law and may no longer use its equitable powers to alter the interest rate on a tax claim from the rate set forth under the applicable state law."[19]  To the extent that cases such as *Wasserman* and *In re DeMaggio* hold otherwise, I find that they have been abrogated by the enactment of 11 U.S.C. § 511.

It is undisputed that the value of the Property exceeds the value of the Claim, and as such, the Town is entitled to post-petition interest as an oversecured creditor.  Under these circumstances, 11 U.S.C. § 511(a) is clear: the Town is entitled to calculate the post-petition interest on the Claim pursuant to provisions of Massachusetts state law.  It has done so, and the Debtor's request to recalculate the Claim using the federal judgment rate is without merit.

## V. CONCLUSION

In light of the foregoing, I will enter an order overruling the Claim Objection.

*[signature: William Hillman]*

_____
William Hillman
United States Bankruptcy Judge

Dated: April 21, 2009

---

[18] 11 U.S.C. § 511(a).

[19] *In re Jones*, 368 B.R. 602, 605 (Bankr. S.D. Tex. 2007).